IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RYAN DAVEY, | ) |
|        Plaintiff, | ) 2:24-CV-1246 |
| v. | ) |
| JOY CONE CO., | ) |
|        Defendant. | ) |

### MEMORANDUM ORDER

**J. Nicholas Ranjan, United States District Judge**

Plaintiff Ryan Davey is a former employee of Defendant Joy Cone Co. Mr. Davey filed a "collective/class action complaint" alleging, among other things, that Joy Cone failed to pay him and others similarly situated overtime in violation of the Fair Labor Standards Act (the "FLSA").[1] Mr. Davey has moved for conditional certification of an FLSA collective and asks the Court to facilitate providing notice to potential members of this collective. There are currently three pending motions before the Court: (1) Ryan Davey's motion for conditional class certification (ECF 41); and (2) two Joy Cone motions to strike (ECF 43; ECF 45). All three motions have been fully briefed and are ready for disposition. On careful review, the Court (1) **GRANTS in part and DENIES in part** Mr. Davey's motion for conditional class certification and **DENIES** his requests related to notice without prejudice; (2) **DENIES** Joy Cone's motion to strike Mr. Davey's declaration; and (3) **DENIES** Joy Cone's motion to strike Ms. Portillo's declaration.

### BACKGROUND

Joy Cone manufactures ice cream cones and related food products at several

---

[1] In total, Mr. Davey's Complaint sets forth two counts: Count One for violating the FLSA; and Count Two for violating the Pennsylvania Minimum Wage Act. ECF 1.

facilities in the United States, including Hermitage, Pennsylvania, Le Mars, Iowa, and Flagstaff, Arizona. ECF 1, ¶ 16. In Hermitage, there are two facilities, known as "Cone" and "Cookie." ECF 42, p. 4. The Cone facility produces cake cones and sugar cones in the same building. *Id.* Joy Cone employed Mr. Davey as a cone packer at the Cone facility in Hermitage, Pennsylvania from February 2023 to July 14, 2024. ECF 1, ¶¶ 17-18. As a cone packer, Mr. Davey was "generally responsible for monitoring and inspecting cones produced in industrial ovens and operating the machines that package them for shipment." ECF 42, p. 4.

Mr. Davey alleges that Joy Cone only paid him and the putative class for work between their scheduled start and stop times, and not for work performed pre- and post-shift, "including: (a) changing into and out of [their] personal protective equipment, including but not limited to gloves, hairnets and/or beard nets, ear plugs, safety glasses, and non-slip shoes; (b) washing [their] hands; (c) obtaining [their] work assignments/locations; and (d) walking to and from [their] assigned area of the manufacturing floor." ECF 1, ¶ 26. According to Mr. Davey, that means that he, and other Joy Cone employees, necessarily worked overtime. *Id.* at ¶¶ 26, 58.

Mr. Davey seeks to recover unpaid overtime on behalf of "All current and former non-exempt manufacturing employees of Joy Cone, Co. who worked at one or more of its manufacturing plants in the United States at any time between three (3) years prior to the filing of this suit and the date of final judgment in this matter ("FLSA Class")." *Id.* at ¶ 68.

Mr. Davey now moves this Court to conditionally certify a collective action. ECF 41. Additionally, Mr. Davey asks the Court to approve his proposed notice and opt-in consent form (ECF 41-5), and order Joy Cone to produce the contact information for each of its current and former employees in the proposed notice group. ECF 41-4.

## **LEGAL STANDARD**

Section 7 of the FLSA requires employers to pay overtime to certain employees who work more than 40 hours in a work week. 29 U.S.C. § 207(a). Under the FLSA, a plaintiff may bring a collective action on behalf of themselves "and other employees similarly situated" to recover unpaid overtime compensation. 28 U.S.C. § 216(b).

Courts in the Third Circuit "follow a two-step process for deciding whether an action may properly proceed as a collective action under the FLSA." *Camesi v. Univ. of Pittsburgh Med. Ctr.*, 729 F.3d 239, 243 (3d Cir. 2013).

At the first step, "the court makes a preliminary determination as to whether the named plaintiffs have made a modest factual showing that the employees identified in their complaint are similarly situated." *Id.* (cleaned up). A plaintiff's burden at the first step is light and can be met by "produc[ing] some evidence, beyond pure speculation, of a factual nexus between the manner in which the employer's alleged policy affected her and the manner in which it affected other employees." *Symczyk v. Genesis HealthCare Corp.*, 656 F.3d 189, 193 (3d Cir. 2011) (cleaned up), *rev'd on other grounds sub nom., Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66 (2013). If this burden is satisfied, "the court will 'conditionally certify' the collective action for the purpose of facilitating notice to potential opt-in plaintiffs and conducting pre-trial discovery." *Camesi*, 729 F.3d at 243. This "conditional certification" is not really a certification at all—instead, "[i]t is actually the district court's exercise of its discretionary power…to facilitate the sending of notice to potential class members, and is neither necessary nor sufficient for the existence of a representative action under the FLSA." *Zavala v. Wal Mart Stores, Inc.*, 691 F.3d 527, 536 (3d Cir. 2012) (cleaned up).

At the second step, "with the benefit of discovery," the court "makes a conclusive determination as to whether each plaintiff who has opted in to the collective action is in fact similarly situated to the named plaintiff." *Camesi*, 729 F.3d

- 3 -

at 243 (cleaned up). The second step can be "triggered" by "the plaintiff's motion for 'final certification,' by the defendants' motion for 'decertification,' or, commonly, by both." *Id.* Determining whether class members are similarly situated during this stage "generally requires the consideration of three factors: (1) the disparate factual and employment settings of the individual plaintiffs; (2) the various defenses available to the defendant; and (3) fairness and procedural considerations." *Kuznyetsov v. W. Penn Allegheny Health Sys., Inc.*, No. 10-948, 2011 WL 6372852, at *3 (W.D. Pa. Dec. 20, 2011) (Ambrose, J.) (citations omitted).

Put simply, the first stage looks at "whether 'similarly situated' plaintiffs do in fact exist, while at the second stage, the District Court determines whether the plaintiffs who have opted in are in fact 'similarly situated' to the named plaintiffs." *Zavala*, 691 F.3d at 536 n.4 (cleaned up).

"Courts typically rely on the pleadings and affidavits of the parties to determine the suitability of conditional certification." *Waltz v. Aveda Transp. & Energy Servs., Inc.*, No. 16-469, 2016 WL 7440267, at *2 (M.D. Pa. Dec. 27, 2016) (citation omitted). Given the "modest burden" at the first stage of the proceedings, "motions for conditional certification are generally successful." *Id.*; *see also Bowser v. Empyrean Servs., LLC*, 324 F.R.D. 346, 352 (W.D. Pa. 2018) (Cercone, J.) (the first step's "fairly lenient standard typically results in a grant of conditional certification").

## DISCUSSION & ANALYSIS

Because the outcome of Joy Cone's motions to strike affects the outcome of Mr. Davey's motion for conditional class certification, the Court turns to the motions to strike first.

**I.      Joy Cone's motions to strike (ECF 43; ECF 45).**

Joy Cone moves to strike: (1) paragraphs 9, 11, 12, 12(d), 12(e), 12(f), and 12(g) of Mr. Davey's declaration (ECF 43); and (2) Alexandra Portillo's declaration in its entirety. ECF 45.

Motions to strike are typically brought under Rule 12(f), but that rule only applies to pleadings, so provides no basis to strike the declarations here. Fed. R. Civ. P. 12(f) (stating that courts "may strike from a pleading"); *Ruple Builders, Inc. v. Brackenridge Constr. Co., Inc.*, No. 17-4, 2019 WL 112262, at *2 (W.D. Pa. Jan. 4, 2019) (Kane, J.) (holding that Rule 12(f) did not apply to defendants' motions to strike certain paragraphs of declarations at issue).

Consistent with the approach of other district courts in this circuit, the Court finds that the appropriate approach here is not to strike the declarations, but instead disregard any declarations or portions of declarations that are not supported by personal knowledge or are otherwise not properly before the Court. *Andrews v. PNC Natl. Bank, N.A.*, No. 19-1631, 2022 WL 5246227, at *6 n.3 (W.D. Pa. Oct. 6, 2022) (Stickman, J.) ("The Court will not strike or otherwise wholly disregard the affidavits but will instead disregard specific paragraphs that it deems not properly supported by personal knowledge."); *S.E. Pennsylvania Transportation Auth. v. Orrstown Fin. Services, Inc.*, No. 12-993, 2016 WL 7117455, at *7 (M.D. Pa. Dec. 7, 2016) ("[T]he Court is persuaded that the better approach is to simply disregard any documents or information improperly before the Court.").

***Mr. Davey's declaration.*** Joy Cone moves to strike Mr. Davey's declaration because Joy Cone argues that it contradicts his deposition testimony and contains legal conclusions and false assertions. ECF 44, p. 1. Joy Cone challenges paragraphs 9, 11, 12, 12(d), 12(e), 12(f), and 12(g), which state:

> 9. I observed that Joy Cone did this to other production/manufacturing employees, and I believe I am similarly situated to these employees.
>
> . . .
>
> 11. I consent to bring this action on behalf of myself and a class of similarly situated opt-in plaintiffs defined as follows: All current and former non-exempt manufacturing employees of Joy Cone, Co. who

worked at one or more of its manufacturing plants in the United States at any time between three (3) years prior to the filing of this suit and the date of final judgment in this matter ("FLSA Class").

12. I believe I am similarly situated to the class of opt-in plaintiffs because, during my employment at Joy Cone, I observed that the class and I:

. . .

> (d) are/were paid only between our scheduled start and stop times;
>
> (e) are/were not paid for performing the following work before and after our scheduled start and stop times:
>
>> i. changing into changing into and out of our personal protective equipment, including but not limited to gloves, hairnets and/or beard nets, ear plugs, safety glasses, and non-slip shoes;
>>
>> ii. washing our hands
>>
>> iii. obtaining our work assignments/locations; and
>>
>> iv. walking to and from our assigned area on the manufacturing floor
>
> (f) work/worked in excess of 40 hours in a workweek; and
>
> (g) are/were not paid overtime at the rate of one and one-half times our regular rates of pay for all of the hours we worked over 40 in a work week.

ECF 41-2, ¶¶ 9, 11, 12, 12(d), 12(e), 12(f), and 12(g).

First, Joy Cone argues that Mr. Davey doesn't have the requisite personal knowledge to support the allegations in paragraphs 9, 12(d), 12(e), 12(f), and 12(g). ECF 44, pp. 2-6. As to paragraph 9, Joy Cone argues that the phrase "did this" is

vague, but must refer to Mr. Davey's allegations in paragraphs 5-8 in which Mr. Davey describes alleged pre- and post-shift activities that he was required to perform and thus in paragraph 9 is alleging that he witnessed other employees perform the same alleged unpaid work. *Id.* at 3-4. Joy Cone asserts that this is not based on personal knowledge because (1) Mr. Davey did not know how other employees clocked in and whether they reported additional work time; and (2) Mr. Davey did not know what PPE individuals outside of the Cone facility wore and what policies they followed. *Id.* at 4. As to subparagraphs 12(d), 12(e), 12(f), and 12(g), Joy Cone argues that Mr. Davey's deposition testimony demonstrates that the subparagraphs are not based on his personal knowledge because Mr. Davey's deposition testimony demonstrates that he doesn't have personal knowledge of how other individuals clocked in or out of the system, whether other individuals reported extra time worked to their supervisors, or knowledge about any activities outside of the Hermitage facility where he worked. *Id.* at 4-6.

In response, Mr. Davey argues that his statements in these paragraphs are supported by his conversations with other employees and his personal observations of other employees, specifically, that employees would arrive at their machines at the start of their scheduled shift already wearing their PPE. ECF 48, p. 7; ECF 48-1, 74:8-15, 77:4-9. Mr. Davey also argues that his deposition testimony does not conflict with his declaration. ECF 48, pp. 9-10.

The Court is satisfied that the contents of the challenged paragraphs that relate to the Cone facility in Hermitage are based on Mr. Davey's personal observations, including his observations of other employees arriving at the start time of their scheduled shifts already wearing their PPE and his conversations with two other employees regarding their experiences. *See Moore v. Consol Pennsylvania Coal Co. LLC*, No. 23-1991, 2024 WL 1251418, at *7 (W.D. Pa. Mar. 22, 2024) (Stickman, J.) (denying motion to strike and finding plaintiffs' declarations were not "speculative

or conclusory but rather based on each declarant's knowledge and experiences" and stating that "[d]eclarations declaring personal knowledge that other coworkers were subjected to similar employer practices may be relied upon at" the conditional class certification stage). However, the Court will disregard any reference to other facilities because Mr. Davey testified at his deposition that he had no personal knowledge about facilities other than Cone, except for knowing that the employee manual applied to Flagstaff, and that he never spoke to anyone who worked in a different facility. ECF 48-1, 139:13-140:24; *Andrews*, 2022 WL 5246227, at *6 n.3 ("The Court will not strike or otherwise wholly disregard the affidavits but will instead disregard specific paragraphs that it deems not properly supported by personal knowledge.").

Second, Joy Cone argues that Mr. Davey's assertion in paragraphs 9, 11, and 12 that he is "similarly situated" to members of the proposed class is a legal conclusion and the Court must strike it. ECF 44, pp. 6-7. In response, Mr. Davey argues that he "has offered the statements at issues (sic) merely as evidence that he was subject to the same practices and was paid in the same matter, believes that he is similarly situated to them, and is willing to be the representative of a class of individuals as defined by the Court[.]" ECF 48, pp. 8-9.

"A legally conclusive statement is a statement in which the law is applied to the facts." *Knopick v. Downey*, No. 09-1287, 2013 WL 1882983, at *14 (M.D. Pa. May 6, 2013). And whether individuals are "similarly situated" is for the Court to decide after applying the law to the facts. *Crescenzo v. O-Tex Pumping, LLC*, No. 15-2851, 2016 WL 3277226, at *2 (S.D. Ohio June 15, 2016) (striking a declaration that stated the plaintiff was similarly situated to other employees because "[w]hether or not Plaintiff and potential class members, if any, are similarly situated is an ultimate determination on the merits" (citing 29 U.S.C. § 216(b)).

The Court will not strike these paragraphs, however, but only disregard the

- 8 -

legal conclusions within them. *Ruple Builders, Inc.*, 2019 WL 112262, at *5 (disregarding legal conclusions in a declaration).

**Ms. Portillo's declaration.** Joy Cone moves to strike Ms. Portillo's declaration in its entirety due to what it contends are false allegations. ECF 45, p. 1. Ms. Portillo's declaration states that she regularly worked 40 hours or more per week. ECF 41-3, p. 7 ¶ 4. Joy Cone produced Ms. Portillo's time records which Joy Cone submits show that Ms. Portillo was a part-time employee who never worked more than 25 hours in a workweek. ECF 46-1, ¶¶ 22-23. Joy Cone argues that because the time records show that Ms. Portillo didn't work 40 or more hours per week, paragraph 4 of her declaration amounts to false testimony and the Court should strike her entire declaration. ECF 46, pp. 1-2; ECF 50, p. 6. Mr. Davey argues in response that even if Ms. Portillo cannot ultimately be part of the class, her declaration is still informative as to the policies and practices at the Flagstaff, Arizona, facility. ECF 48, p. 4.

The Court "does not consider the merits of the claim(s), decide credibility issues or resolve factual disputes at" the conditional class certification stage. *Bonds v. GMS Mine Repair & Maint., Inc.*, No. 13-1217, 2014 WL 2957394, at *4 (W.D. Pa. July 1, 2014) (McVerry, J.). "[I]t is clearly established that credibility determinations and merits-based arguments are more properly considered at the stage of final certification." *Bellan v. Capital BlueCross*, 496 F. Supp. 3d 854, 859 (M.D. Pa. 2020).

The Court views Joy Cone's concerns about Ms. Portillo's declaration as primarily a credibility issue—Joy Cone argues that because it has rebutted one paragraph of Ms. Portillo's declaration, the Court should strike the entire declaration. But that is not the correct remedy here, for a few reasons. First, even if Ms. Portillo's declaration contains a (demonstrably, according to Joy Cone) false statement, inferring that the rest of the declaration is similarly untrustworthy is a credibility determination. *Meals v. Keane Frac GP LLC*, No. 16-1674, 2017 WL 2445199, at *4

(W.D. Pa. June 6, 2017) (Fischer, J.) (stating that the court, "in denying, without prejudice, Defendants' Motion to Strike Plaintiffs' Brief in Support of Motion to Certify Class Conditionally and Sworn Statements in Support, it accepted Plaintiffs' declarations and rejected Defendants' requests that it make credibility determinations"); *see also Briggs v. PNC Fin. Services Group, Inc.*, No. 15-10447, 2016 WL 1043429, at *2 (N.D. Ill. Mar. 16, 2016) ("Significantly, at this initial stage, the court does not make merits determinations, weigh evidence, determine credibility, or specifically consider opposing evidence presented by a defendant." (cleaned up)). Second, as explained above, striking the entire declaration is not appropriate. Instead, the Court will disregard the paragraph that contains the allegedly false testimony. *S.E. Pennsylvania Transportation Auth.*, 2016 WL 7117455, at *7.

Pursuant to the above, the Court denies both motions to strike, but will disregard the paragraphs in Ms. Portillo's declaration stating that she worked 40 or more hours per week and any legal conclusions and statements related to facilities other than Cone in Mr. Davey's declaration.

## II.     Mr. Davey's motion for conditional class certification (ECF 41).

### A.     Conditional certification is proper for the Pennsylvania and Arizona facilities, but not the Iowa facility.

The Court finds that Mr. Davey has made the "modest factual showing" that he and the putative notice recipients are similarly situated for step one of the certification analysis as to the Pennsylvania and Arizona facilities, but not the Iowa facility.

Mr. Davey argues that the proposed class is similarly situated and should consist of "All current and former non-exempt manufacturing employees of Joy Cone, Co. who worked at one or more of its manufacturing plants in the United States at any time between three (3) years prior to the filing of this suit and the date of final judgment in this matter ('FLSA Class')." ECF 1, ¶ 68.

To support this FLSA class claim, Mr. Davey has offered declarations from himself and four individuals that they were all subject to the same requirement to perform pre- and post-shift work to don and doff their personal protective equipment. ECF 41-2; ECF 41-3. Specifically, the individuals were required to come into work early and leave work late to perform pre- and post-shift work, including:

- Changing into and out of personal protective equipment, including gloves, a hairnet, a beard net, ear plugs, safety glasses, and shoes;
- Washing hands;
- Obtaining work assignments/locations; and/or
- Walking to and from assigned areas of the manufacturing floor.

ECF 1, ¶ 26; ECF 41-2, ¶ 5, ECF 41-3, p. 1 ¶ 7, p. 3 ¶ 7, p. 5 ¶ 7, and p. 7 ¶ 7.

Joy Cone contests conditional certification and makes the following arguments. First, Joy Cone argues that Mr. Davey has not identified a single decision, policy, or plan impacting him and the opt-in plaintiffs. ECF 42, pp. 7-8. Second, Joy Cone argues that conditional certification should be denied because Mr. Davey does not have personal knowledge about the claims at issue. *Id.* at 8-10. Third, Joy Cone argues that Mr. Davey does not have evidence supporting nationwide certification. *Id.* at 10-13.

***Single decision, policy, or plan.*** Joy Cone argues that Mr. Davey has not identified a single decision, policy, or plan that violated the FLSA. ECF 42, pp. 7-8. To support this argument, Joy Cone relies heavily on Mr. Davey's deposition testimony, arguing that because he could not identify the manager of the Cone facility and testified that a manager told him to arrive to work early, he does not have personal knowledge about managers at Joy Cone and he is alleging multiple policies. *Id.* At the conditional-certification stage, "[p]laintiffs must provide evidence that potential members of a collective action were the victims of a single decision, policy, or plan." *Viscomi v. Diner*, No. 13-4720, 2016 WL 1255713, at *4 (E.D. Pa. Mar. 31,

2016) (cleaned up).  The plaintiff must produce evidence that a factual nexus exists between how the employer's policy affected him and how it affected other employees. *Rocha v. Gateway Funding Diversified Mortg. Servs. L.P.*, No. 15-482, 2016 WL 3077936, at *3 (E.D. Pa. June 1, 2016).

Mr. Davey's and the opt-in plaintiffs' declarations state that Joy Cone only paid them for work between their scheduled start and stop times, and the opt-in plaintiffs further state that "Joy Cone required employees to be at their work area performing their manufacturing work at their scheduled start and stop times" and "[a]s a result," they were required to come to work early and leave work late to perform pre- and post-shift work.  ECF 41-2, ¶ 4; ECF 41-3, p. 1 ¶¶ 5-6, p. 3 ¶¶ 5-6, p. 5 ¶¶ 5-6, and p. 7 ¶¶ 5-6.  Joy Cone points to Mr. Davey's deposition, at which he testified that a manager or supervisor instructed him to get to work 15 minutes early.  ECF 42-2, 71:24-72:5.  Joy Cone argues that this testimony is inconsistent with his declaration and the opt-in plaintiffs' declarations and indicates that there was no single policy.  ECF 42, p. 7.

The Court doesn't see Mr. Davey's deposition testimony as contradictory to the declarations.  The common policy being alleged is that Joy Cone required their employees to be at their workstations at their scheduled shift time already wearing their PPE, and thus they were not paid for pre- and post-shift work.  At this stage, Mr. Davey has made a modest factual showing that he and the opt-in plaintiffs were subject to a single policy, and any alleged discrepancies go to the merits of the case and are more appropriately addressed after discovery at the decertification stage. *Ornelas v. Hooper Holmes, Inc.*, No. 12-3106, 2014 WL 7051868, at *2 (D.N.J. Dec. 12, 2014) ("The court does not consider the merits of the dispute at this time, and the plaintiff must only demonstrate that the potential class members' positions are similar, not identical, to his own." (cleaned up)).

***Personal knowledge.***  Joy Cone argues that conditional certification should

be denied because Mr. Davey does not have personal knowledge about the claims at issue. ECF 42, pp. 8-10.

As stated above in the Court's analysis of Joy Cone's motion to strike Mr. Davey's declaration, after reviewing Mr. Davey's declaration and his deposition testimony, Mr. Davey has sufficient personal knowledge to support his statements about individuals who worked in the Cone facility. "Courts routinely certify conditional collective actions based on the plaintiff's affidavit declaring they have personal knowledge that other coworkers were subjected to similar employer practices." *Viscomi*, 2016 WL 1255713, at *5 (cleaned up). So Mr. Davey's allegations are sufficient as to the Cone facility. As to the other facilities, Mr. Davey has produced declarations from three opt-in plaintiffs to support his allegations as to those facilities, and Joy Cone hasn't challenged those declarations as insufficient for lack of personal knowledge. *Id.* (granting conditional class certification after concluding that three affidavits were sufficient evidence "to establish the required 'modest factual showing' that the alleged policies were uniformly applied to potential opt-in plaintiffs.").

***Evidence supporting nationwide classification.*** Joy Cone argues that Mr. Davey does not have evidence supporting nationwide certification. ECF 42, pp. 10-13.

Mr. Davey has submitted his own declaration and four declarations from opt-in plaintiffs (Maria Croal, Kayia McCabe, Brian Phillippi, and Alejandra Portillo) who work in various positions at the Hermitage facilities and the Arizona facility. ECF 41-2; ECF 41-3. Broadly, Joy Cone argues that Mr. Davey has no personal knowledge about a variety of topics, including job duties and locations other than the Cone facility, and that Ms. Portillo cannot be a member of the class, so there is no evidence supporting Mr. Davey's claim. ECF 42, p. 11-13. But Mr. Davey's declaration and deposition testimony is not the only evidence before the Court—there

are also the declarations of the other opt-in plaintiffs that state that employees in other positions were subject to the same policy. *Bellan*, 496 F. Supp. 3d at 858-59 (granting conditional class certification after reviewing the plaintiffs' declarations and concluding that the declarations were based on personal knowledge and sufficiently stated a single policy that, if proven, would violate the FLSA).

The Court sees Joy Cone's arguments as merits issues, which the Court cannot resolve at this stage. *Hodzic v. Fedex Package Sys., Inc.*, No. 15-956, 2016 WL 6248078, at *7 (W.D. Pa. Oct. 26, 2016) (Fischer, J.) (stating that merits-based defenses are best resolved at the second stage). And "[a]ny other individualized issues related to whether the putative class members were similarly situated [such as whether Ms. Portillo will eventually be considered part of the class] likewise cannot be resolved at this stage of the certification process." *Rood v. R&R Express, Inc.*, No. 17-1223, 2019 WL 5422945, at *4 (W.D. Pa. Oct. 23, 2019) (Ranjan, J.)

Finally, Joy Cone argues that the class should not be certified as to the Iowa facility, and the Court agrees. The Le Mars, Iowa facility is operated by BoDeans, a Joy Cone subsidiary. ECF 42, p. 10. BoDeans is not named in the complaint. *See* ECF 1. Because BoDeans is not a defendant in this case, Mr. Davey cannot seek conditional certification of its employees. *See In re Enter. Rent-A-Car*, 735 F. Supp. 2d 277, 338 (W.D. Pa. 2010) (Conti, J.) (stating that there is a strong presumption that a parent corporation is not the employer of its subsidiary's employees). Mr. Davey does not mention Iowa in his motion for conditional class certification nor does he contest Joy Cone's argument that the Iowa facility should be excluded in his reply. ECF 41; ECF 49.

As such, the Court will grant Mr. Davey's motion in part and order that notice be sent to the putative class, excluding any employees or former employees of the Iowa facility.

### B. Mr. Davey's proposed order and notice.

This Court has the authority to facilitate notice to putative opt-in plaintiffs. *See Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165, 169 (1989). Mr. Davey has asked the Court to endorse his proposed notice and instruct Joy Cone to produce "the identity, contact information, and pertinent employment dates of all current and former non-exempt manufacturing employees of Joy Cone, Co. who worked at one or more of its manufacturing plants in the United States at any time between three (3) years prior to the filing of this suit and the date of final judgment in this matter[.]" ECF 41, p. 13. Joy Cone rejects Mr. Davey's proposed notice and proposes several changes. ECF 42, pp. 13-15.

"District courts may properly oversee [the notice] process in a management role." *Hively v. Allis-Chalmers Energy, Inc.*, No. 13-106, 2013 WL 5936418, at *8 (W.D. Pa. Nov. 5, 2013) (Fischer, J.). But, at the same time, "this Court must remain scrupulously neutral as to the parties and the merits." *Id.* Accordingly, disputes about the form and content of any notice are best resolved by the parties.

The Court does note, however, that the release of current and former employees' telephone numbers is probably not warranted at this juncture. "Generally, first class mail is sufficient to place putative class members on notice of a collective action." *Ritzer v. UBS Fin. Servs., Inc.*, No. 08-1235, 2008 WL 4372784, at *4 (D.N.J. Sept. 22, 2008). Unless notice by first class mail is insufficient, "telephone numbers should not be released." *Id.* Mr. Davey's interrogatory is otherwise appropriate.

The Court will afford the parties 14 days to meet and confer about the "form of notice, the method of dissemination of that notice, and the database of employees to which the notice will be distributed." *Ivanovs v. Bayada Home Health Care, Inc.*, No. 17-1742, 2018 WL 4583510, at *5 & n.2 (D.N.J. Sept. 25, 2018) (collecting cases). If the parties cannot agree, Mr. Davey is free to file a motion to resolve any disputes

over the form of notice.

## CONCLUSION

Pursuant to the above, the Court hereby **ORDERS** as follows:

(1) Joy Cone's motion to strike Mr. Davey's declaration (ECF 43) is **DENIED**; and

(2) Joy Cone's motion to strike Ms. Portillo's declaration (ECF 45) is **DENIED**; and

(3) Mr. Davey's motion for conditional class certification (ECF 41) is **GRANTED in part and DENIED in part**. A collective action is conditionally certified, comprised of all current and former non-exempt manufacturing employees of Joy Cone, Co. who worked at the Hermitage or Arizona manufacturing plants in the United States at any time between three (3) years prior to the filing of this suit and the date of final judgment in this matter.

(4) The parties must meet and confer to devise a fair and accurate notice and procedure that is reasonable and agreeable to the parties and the Court. The parties shall submit a joint proposed notice and consent form consistent with the Court's above order, as well as a plan for notifying the conditionally certified class, by no later than September 5, 2025. If the parties cannot agree on the proposed notice and consent form or the method of distribution, Plaintiff shall file a motion to resolve any disputes by September 5, 2025.

DATE: August 22, 2025

BY THE COURT:

/s/ *J. Nicholas Ranjan*
United States District Judge